UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| D&T ADVISORS, LLC<br>d/b/a ARTEMIS PARTNERS DALLAS,<br><br>  Plaintiff,<br><br>v.<br><br>NEIL S. WATERMAN, III,<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§  CASE NO. _____<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff D&T Advisors, LLC d/b/a Artemis Partners Dallas ("Artemis Dallas") complains of Defendant Neil S. Waterman, III ("Waterman"), as follows:

### SUMMARY

1. Waterman is engaged in cyber-extortion. For less than $100, Waterman purchased from GoDaddy the domain "artemisdallas.com" (the "Domain Name") while he, Anne Jones ("Jones"), and Richard Emery ("Emery") were attempting to start a business together. For various reasons—some of which are borne out by Waterman's behavior that necessitated this lawsuit—Jones and Emery determined that going into business with Waterman was not prudent. Jones and Emery thereafter formed Artemis Dallas, the business they currently own and operate. Waterman has no ownership or other involvement in Artemis Dallas, or any business or entity that uses the term "Artemis" or "Artemis Dallas."

2. Artemis Dallas uses the Domain Name and has since its inception. Without Artemis Dallas' consent, Waterman recently changed the password for accessing the Domain Name through the website host, GoDaddy.com, blocking Jones, Emery, and most importantly their IT contractor out of the business's account. This prevents Artemis Dallas' IT contractor from

ensuring the security of their website and e-mails, including information protected from disclosure by FINRA and other regulatory bodies.

3. Emery has repeatedly requested that Waterman transfer the Domain Name to Artemis Dallas and offered to reimburse Waterman the less-than-$100 he spent to obtain it. Waterman has repeatedly refused.

4. Now, Waterman's counsel is making the following shocking, unlawful demand:[1]

> Your client's offer of reimbursement costs is rejected. However, my client is willing to accept one of the following:
>
> 1. Sale of the domain to D&T Advisors, LLC for $1.5 million; or
> 2. A license to D&T Advisors, LLC for an annual licensing fee of $150,000.
>
> The above reasonable offers will remain open for the next 30 days.

5. Artemis Dallas warned Waterman and his counsel that their actions violate the Anti-Cybersquatting Consumer Protection Act (the "Anti-Cybersquatting Act"), but they do not seem to care, forcing Artemis Dallas to file this suit and its subsequent request for injunctive relief.

6. Artemis Dallas requests the Court order Waterman to relinquish control of, and transfer, the Domain Name to Artemis Dallas, issue an award of attorneys' fees and statutory damages of $100,000 against Waterman, and grant any other appropriate relief.

---

[1] Waterman's counsel's communication is not protected under Federal Rule of Evidence 408 because "bad faith intent to profit" is an element of a claim asserted by Artemis Dallas. 15 U.S.C.A. § 1125(d)(B)(i)(VI); *Creuzot v. Green*, No. 3:17-CV-0404-M-BK, 2017 WL 2535858, at *5 (N.D. Tex. May 23, 2017), report and recommendation adopted, No. 3:17-CV-0404-M, 2017 WL 2537278 (N.D. Tex. June 9, 2017).

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

8. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b). Waterman resides in the Northern District of Texas, Dallas Division. Moreover, a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and division.

9. This Court may exercise personal jurisdiction over Waterman because he is a resident of the Northern District of Texas, Dallas Division.

## THE PARTIES

10. Artemis Dallas is a Texas limited liability company whose members are residents of Texas.

11. Waterman is an individual resident of Texas who may be served at his regular place of business 3811 Turtle Creek Blvd., Suite 1830, Dallas, Texas, 75219, or wherever he may be found.

## FACTUAL ALLEGATIONS

12. Waterman, Emery, and Jones attempted to start an insurance-related business.

13. Emery came up with the idea to use the term "Artemis," and Waterman and Jones agreed.

14. While they were all together, Waterman purchased from GoDaddy the domain name "Artemis Dallas" for the business.

15. But before the business got off the ground, and for myriad reasons, Jones and Emery determined that going into business with Waterman was a *very* bad idea. They attempted

negotiation, but to no end, finally determining to move forward with a new entity in which Waterman had no involvement, Artemis Dallas.

16. Artemis Dallas is an insurance brokerage that is regulated by FINRA and handles sensitive information, including some protected by HIPPA. Since its inception, Artemis Dallas has used the Domain Name at issue, https://www.artemisdallas.com/.

17. Artemis Dallas, Jones, Emery, and Waterman all use the same information technology professional, Travis Tipps.

18. In the last few days, Artemis Dallas became aware that Waterman changed the password on the GoDaddy account associated with the Domain Name. While Artemis Dallas employees retain access to their e-mails, Waterman now has exclusive control over Artemis Dallas' e-mail settings and e-mail security. Waterman can shut the Domain Name down at any time.

19. Emery reached out to Waterman on numerous occasions to obtain the transfer of the Domain Name to its rightful owner, Artemis Dallas. For example:

> Following up on the email I sent on Monday. I'm sure you have a lot on your plate but would like to have Travis execute the transfer of the domaine on Monday or Tuesday of next week. If we don't hear from you I will write you a check for $100 and have Travis make the transfer.
>
> I appreciate the help.
>
> Thanks
>
> Richard

20. On February 17, 2022, after Waterman repeatedly refused to engage with Emery and make the simple transfer of the Domain Name to its rightful owner, Artemis Dallas' counsel

made demand on Waterman's counsel to "do the right thing" and transfer the Domain Name to Artemis Dallas.

21. Not only did Waterman refuse after involving his attorney, but his attorney conveyed the following shocking and unlawful demand:

> Your client's offer of reimbursement costs is rejected. However, my client is willing to accept one of the following:
>
> 1. Sale of the domain to D&T Advisors, LLC for $1.5 million; or
> 2. A license to D&T Advisors, LLC for an annual licensing fee of $150,000.
>
> The above reasonable offers will remain open for the next 30 days.

22. Waterman apparently believes the Domain Name is a lottery ticket, hence his demand for over a 15,000 times return. If ever there was case of "cyber-extortion," this is it. *See Randazza v. Cox*, 920 F. Supp. 2d 1151, 1157 (D. Nev. 2013) (using the term "cyber-extortion"). And Waterman made this cyber-extortion demand *after* Artemis Dallas warned him in writing that his actions violated the Anticybersquatting Act.

## CLAIMS FOR RELIEF

23. The preceding paragraphs are incorporated into each count below by reference.

24. All conditions precedent have occurred or have been performed.

A. **Count One: Violation of 15 U.S.C. § 1125**

25. Artemis Dallas is the owner of the mark "Artemis Dallas."

26. Waterman has a bad faith intent to profit from the mark.

27. Waterman registered, trafficked in, and used a domain name that is identical or confusingly similar to Artemis Dallas' mark.

28. Among other things, Waterman has no bona fide noncommerical or fair use of "Artemis Dallas" and offered to transfer, sell, or otherwise assign the Domain Name to Artemis Dallas for financial gain without having used, or having an intent to use, the Domain Name in any bona fide offering of any goods or services.

29. Pursuant to 15 U.S.C. § 1125(d)(D), Artemis Dallas requests the Court, among other things, order the transfer of the Domain Name to its rightful owner, Artemis Dallas.

30. Artemis Dallas further requests such injunctive relief as required for Artemis Dallas to continue its business without Waterman's ongoing interference.

## PRAYER FOR RELIEF

WHEREFORE, Artemis Dallas requests a judgment transferring the Domain Name from Waterman to Artemis Dallas, statutory damages of $100,000 against Waterman as authorized by 15 U.S.C. § 1117(d), attorneys' fees and costs, and such other and further relief as this Court deems appropriate.

[remainder of page intentionally left blank]

Respectfully submitted,

*/s/ Brian P. Shaw*

Brian P. Shaw
  State Bar No. 24053473
  bshaw@ccsb.com
Chad Ray
  State Bar No. 24106754
  cray@ccsb.com
CARRINGTON, COLEMAN,
  SLOMAN & BLUMENTHAL, L.L.P.
901 Main Street, Suite 1500
Dallas, Texas 75202
Telephone:  (214) 855-3000
Facsimile:  (214) 580-2641

**ATTORNEYS FOR PLAINTIFF**