IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| D&T ADVISORS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NEIL S. WATERMAN, III,<br><br>    Defendant. | No. 3:22-cv-00399-S-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

    Before the Court is Defendant Neil S. Waterman, III's motion for an extension of his deadline to file a response to Plaintiff D&T Advisors, LLC's (D&T) motion for summary judgment given that discovery in this case is stayed pending the Court's consideration of Waterman's motion to dismiss. The Court construes this request under Federal Rule of Civil Procedure 56(d), and accordingly, the District Court should GRANT the Motion (ECF No. 34) and DENY without prejudice D&T's summary judgment motion (ECF No. 26).

    This case stems from a business dispute between Waterman and the current owners of D&T, Richard Emery and Anne Jones. D&T sued Waterman under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125, asking the Court for preliminary injunctive relief, statutory damages, and to transfer a domain purportedly owned by Waterman to D&T because the domain infringes on D&T's alleged trademark and Waterman acted with bad-faith intent to profit from

1

the domain. Waterman argues a mark does not exist or, if a mark does exist, he owns it. Waterman also contends he did not act in bad-faith to profit from the domain.

Waterman filed a motion to dismiss on March 2, 2022. Following a hearing on D&T's request for preliminary injunctive relief, the Court stayed discovery. D&T then filed its summary judgment motion and response to Waterman's motion to dismiss. Based on Waterman's statements in his motions and at the hearing, the Court anticipated he would file a motion to compel arbitration before May 2, 2022. *See* Order 2 (ECF No. 24). But Waterman did not file a motion to compel arbitration. And rather than file a response to D&T's summary judgment motion, Waterman filed a motion under Rule 56(d) to defer consideration of D&T's dispositive motion until after he has time to conduct allegedly necessary discovery.

"Rule 56(d) is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 2012 WL 3887059, at *2 (N.D. Tex. Sept. 7, 2012) (Fitzwater, J.) (citation omitted). Under Rule 56(d), the court can "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order," provided the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Rule 56(d) functions as a "safe harbor" that has been "built into the rules so that summary

2

judgment is not granted prematurely." *Bramlett*, 2012 WL 3887059, at *2 (citing *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987)). It is "usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party." *Id.* However, "Rule 56 does not require that discovery take place before granting summary judgment." *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1985)).

Rule 56(d) "motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). Nevertheless, to warrant a continuance for purposes of obtaining discovery, a "party must indicate to the court by some statement . . . why [it] needs additional discovery and how the additional discovery will create a genuine issue of material fact." *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (internal quotation marks and citation omitted). It is not sufficient for a summary judgment nonmovant to allege that discovery is incomplete or that discovery will produce needed but unspecified facts. *See Washington*, 901 F.2d at 1284-85. The party must demonstrate "how the additional time will enable [it] to rebut the movant's allegations of no genuine issue of fact." *Id.* at 1286 (internal quotation marks and citation omitted). A nonmovant is not entitled to a continuance if it "fail[s] to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery" and gives only "vague assertions of the need for additional discovery." *Bauer v.*

3

*Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (internal quotation marks and citation omitted).

Here, Waterman argues D&T's MSJ "involves a factually intense question regarding the existence and proper characterization of an alleged distinct and/or famous mark." Def.'s Decl. ¶ 11 (ECF No. 34-1); *see* Mot. ¶¶ 9, 15 (ECF No. 34). Moreover, according to Waterman, "[e]vidence surrounding how D&T's alleged mark is used . . . is important to the factually intense questions involving the existence and characterization of the alleged mark," and Waterman "requires discovery of documents and communications, as well as the deposition of Mr. Richard Emery and Ms. Anne Jones in connection with the aforementioned factual matters." *Id.* Waterman further contends "the Emery Declaration makes conclusory statements regarding D&T's alleged use of the purported mark, [sic] but fails to provide any temporal specifics that are critical to responding to" D&T's summary judgment motion. *Id.* ¶ 12.

In response, D&T argues "Waterman does not need discovery to contest the above elements, most of which he already admitted in his own Answer." Resp. 3 (ECF No. 36). The Court disagrees. Despite the number of entries on the docket already, this case is still in its nascent stages. Discovery is stayed, by agreement, to permit the Court sufficient time to consider the pending motion to dismiss. D&T filed an early summary judgment motion supported by documentary evidence and declarations from Emery and an IT professional. For his part, Waterman has identified reasonable and specific discovery to rebut D&T's evidence that it is the

4

owner of a distinct mark. Therefore, Waterman met his burden under Rule 56(d). Accordingly, the Court should GRANT Waterman's Motion (ECF No. 34) and DENY without prejudice D&T's summary judgment motion (ECF No. 26).

**SO RECOMMENDED.**

May 9, 2022.

                              REBECCA RUTHERFORD
                              UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).